IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARVIN JOHN COBB,
   Plaintiff,
  v.
JOHN YOST, WARDEN, F.C.I.
LORETTO,
   Defendant

Case No. 3:07-cv-105-KRG-KAP

## Report and Recommendation

### Recommendation

Plaintiff filed what he styled as a petition for a writ of habeas corpus against John Yost, the Warden at F.C.I. Loretto. Because plaintiff did not challenge the fact of his confinement but rather the conditions of his confinement, I found that it was properly speaking a complaint seeking injunctive relief, styled as a petition for writ of habeas corpus under 28 U.S.C.§ 2241. I recommend that the complaint be dismissed as moot because plaintiff's sentence expired on June 12, 2008, and he is no longer in Bureau of Prisons (BOP) custody.

### Report

Plaintiff was incarcerated at F.C.I. Loretto. He sought declaratory and injunctive relief and an order from this court directing that he be released from BOP custody so that he could receive outside medical treatment.[1] Plaintiff is a 100% disabled

---

1. On December 4, 2003, the United States District Court for the District of New Mexico sentenced plaintiff to a 5 year term of imprisonment for possession with intent to distribute 100 kilograms and more of marijuana, in violation of 21 U.S.C.§ 841(B)(1)(B). In February 2004, the BOP designated plaintiff to F.C.I. Otisville, and in November 2005 it transferred him to F.C.I. Loretto. See
(continued...)

veteran of the Vietnam War.  He has shrapnel wounds to the back and chest; cervical radiculopathy caused by a piece of shrapnel pressing against a nerve near his spine; and post traumatic stress disorder (PTSD) with co-morbid panic attacks.  His other medical problems include a history of strokes and seizures and carotid artery disease.  Plaintiff claims that prior to his incarceration, his Veterans Affairs doctors prescribed him Clonazepam daily to treat his PTSD and panic attacks; Cambazepine daily for his seizures; Tylenol every four hours for his shrapnel pain; and aspirin daily to prevent a stroke.

In his complaint, plaintiff asserted that during his incarceration at F.C.I. Otisville and F.C.I. Loretto he was denied adequate medical treatment and subjected to deliberate indifference to his serious medical needs.  His primary complaint centered upon BOP medication policies.  The first policy at issue prohibits inmates from being prescribed benzodiazepines such as Clonazepam for chronic use.  When plaintiff came into BOP custody at F.C.I. Otisville, the medical personnel there told him that Clonazepam was not available to him because of that policy.  Plaintiff contended that the medication that was prescribed to him as a substitute had no effect on his PTSD, and that he should have been weaned off the

---

(...continued)
Inmate Data Admit/Release History, attached to Declaration of Vanessa Herbin-Smith, exhibit 1 of docket no. 25.

Clonazepam, instead of being subject to its abrupt discontinuation. The second policy at issue is one that is set forth in Program Statement 6541.02, Over-the-Counter Medications, which requires inmates to purchase their own OTC medications unless they are indigent. Plaintiff had to buy his own Tylenol at the prison commissary. He takes it to treat the pain from his combat injuries and he contended that the United States government has an obligation to pay for such treatment notwithstanding BOP policy.

Plaintiff also asserted that the BOP failed to provide proper medical treatment after he suffered a stroke and a seizure and that he should have been referred to a neurologist. He also claimed that a BOP dentist refused to rebond a broken dental bridge. Plaintiff contended that prison officials at F.C.I. Otisville retaliated against him by transferring him to the higher-security F.C.I. Loretto because he had complained to his New York Congressional representatives about his alleged inadequate medical treatment. He asserted that officials at F.C.I. Loretto continued to retaliate and conspire against him by denying his administrative remedy requests. Plaintiff also contended that F.C.I. Loretto is not handicap accessible in violation of the Americans with Disabilities Act because his Unit there did not have a handicap shower and because he was assigned to a room that was designed for two men but which housed four men.

Plaintiff made three requests for relief: (1) a declaration that his due process, Eighth Amendment, and statutory rights have been violated; (2) an injunction directing that prison officials must prescribe him Percocet for pain and Clonazepam for his PTSD; and, (3) habeas relief, in the form of an order directing defendant to release him from F.C.I. Loretto so that he can receive outside medical treatment. docket no. 3, complaint at 18. He made no request for monetary damages.

The complaint was served upon defendant on October 17, 2008, after plaintiff had remitted the full filing fee. By that point, plaintiff had served his term of imprisonment: he had been released from BOP custody on June 12, 2008. In November 2008, defendant, being served with the complaint in the style of a petition for writ of habeas corpus, filed a Notice of Suggestion of Mootness, docket no. 25. I can construe the notice as a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(1).

Plaintiff filed a response at docket no. 27. He acknowledges that because he has been released from BOP custody, the "the Court cannot grant [the] relief requested[,]" docket no. 27 at 2, but also asserts that his release does not "moot the atrocities" that he endured by being denied medication for his pain and panic attacks. He continues to seek a declaration from this court that the BOP medication policies at issue here are unconstitutional. id.

II.

Whether construed as a prisoner civil rights complaint or as a petition for writ of habeas corpus, this action should be dismissed as moot. Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to "only actual, ongoing cases or controversies." Burkey v. Marberry, __ F.3d __, 2009 WL 385419, *3 (3d Cir. Feb. 18, 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). See also City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Spencer v. Kenma, 523 U.S. 1 (1998). This requires a plaintiff to have a personal stake in the outcome of the litigation, not only at the time he filed an action, but throughout the pendency of the matter. Id.; see also Rosetti v. Shalala, 12 F.3d 1216, 1224, n.19 (3d Cir.1993) ("the cases articulating the case or controversy requirement conceive of mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout is existence (mootness).'" (quoting Henry P. Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1373 (1973)). When a plaintiff seeks prospective relief, as is the case in this action, past exposure to illegal conduct does not in itself show a present case or controversy "if unaccompanied by continuing, present adverse effects." Lyons, 461 U.S. at 102 (quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974) (plaintiff lacked

5

standing to pursue injunctive relief when challenged policy ceased); Burkey, __ F.3d at __, 2009 WL 385419, *3 (in habeas action, "[o]nce a sentence has expired . . . some continuing injury, also referred to as a collateral consequence, must exist for the action to continue."). A key question is whether it is "likely" that the injuries plaintiff alleges can be redressed by a favorable judicial decision. See, e.g., id. at 105-06; Burkey, __ F.3d at __, 2009 WL 385419, *3-5 (citing Spencer, 523 U.S. at 7, 14-16 and Lewis, 494 U.S. at 477).

Because plaintiff is no longer in BOP custody, his requests for a temporary release and for an order directing the defendant to require the BOP to prescribe him Percocet and Clonazepam are obviously moot. The only question remaining is whether the court has jurisdiction to review his request for a declaration that the BOP policies at issue are unconstitutional or violate the ADA, as he claims. It does not: because plaintiff is no longer subject to the BOP policies that he challenges, even if a declaration from this court that those policies are unconstitutional or violate the ADA would vindicate his position, it would provide him with no legal remedy.

Plaintiff's standing to seek the declaratory relief he requests depends on whether the defendant he names is likely to cause him future injury from the allegedly illegal policies. The only way that plaintiff would be subject to those BOP policies

again is if he is convicted of violating federal law and comes into defendant's custody. Although it is not impossible that this could happen, mere possibility is insufficient to maintain a live case or controversy in the present action. It must be assumed that plaintiff "will conduct [his] activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by [the BOP]." Lyons, 461 U.S. at 103 (quoting O'Shea, 461 U.S. at 497). In his response to defendant's notice of suggestion of mootness, docket no. 27, plaintiff does not suggest that he wants to continue to pursue declaratory relief with respect to his other claims.

Finally, in his response to the defendant's notice of suggestion of mootness, docket no. 27, plaintiff also recounts events unrelated to the present action that occurred subsequent to the filing of the complaint. He contends that he was improperly billed for medical treatment that he received when he was en route from F.C.I. Loretto to a halfway house. The record before the court shows that on January 23, 2008, he was released from F.C.I. Loretto without escort to complete the rest of his sentence at a halfway house in Albuquerque, New Mexico. See Inmate Data Admit/Release History, attached to Herbin-Smith Decl. Plaintiff states that he passed out at a bus station in Pittsburgh, was treated in the emergency room at a nearby hospital, and was billed $1,070.04 for the treatment he received. It is plaintiff's

7

contention that either F.C.I. Loretto or the halfway house in Albuquerque must pay the bill, but each has told him that the other is responsible for payment. He has attempted to resolve the matter but in the meantime he has been notified by a collection service that the unpaid bill was reported to his credit profile with the nationwide consumer credit agencies. See documents attached to docket no. 27.

Plaintiff's new allegations do not affect the court's mootness analysis. He has not requested nor received permission to amend his complaint to include a claim regarding the unpaid hospital bill, and if he were to do so I would not permit him to raise this claim, the events of which took place out of this division and do not involve this defendant.

Finally, plaintiff could amend the complaint to seek money damages for the cost of the over the counter medications he contends the United States should have supplied while he was at Loretto. The ADA would not permit recovery of money damages, so it would be necessary for plaintiff to allege that the BOP policy deprived him of medical care in violation of the Eighth Amendment. Plaintiff would not only be subject to the requirement that he have previously exhausted every administrative remedy within the Bureau of Prisons, he would also have to allege that the defendant applied the BOP policy with deliberate indifference to his serious medical needs, in other words the defendant knew that the BOP policy would

deny plaintiff access to needed health care. In the absence of truly unusual circumstances, however, a prison administrator like defendant who defers to the recommendations of medical personnel within a normally functioning system does not have the requisite subjective state of mind for liability. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004).

By plaintiff's own allegations, furthermore, the injury he suffered was a financial one, not a medical one. The BOP policy may be a good fiscal policy or a bad one, but either way it does not violate the Eighth Amendment.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are is given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: March 6, 2009

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Marvin John Cobb
213 East Avenue
Valley Stream, NY 11580